UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTIE ANN ALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00117-RLY-DLP |
| ) | |
| PENGUIN RANDOM HOUSE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint, Dkt. [14]. The parties consented to the Magistrate Judge's authority to resolve this motion, and on March 18, 2020 the Defendant's Motion to Dismiss was referred to the Undersigned. (Dkts. 21, 25). The motion is now fully briefed and ripe for decision. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**.

### I. Background

On January 23, 2020, Plaintiff filed an Amended Complaint, alleging that she had worked for Defendant Penguin Random House ("Penguin") since August 2014. (Dkt. 5 at 2). Plaintiff asserts that she was demoted after she assisted a coworker in reporting allegations of sexual harassment. (Dkt. 5). Plaintiff further claims that the Defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, and that she was wrongfully demoted in violation of the Defendant's Code of Conduct. (Id.). In the parties' proposed case management plan, Plaintiff's case

1

synopsis indicated that Defendant's actions "violated her rights to be free from retaliation under Title VII, as well as constituted a state law wrongful demotion." (Dkts. 17, 23). On March 2, 2020, Defendant filed a Motion to Dismiss Count II of Plaintiff's Amended Complaint, arguing that Plaintiff failed to state a claim upon which relief can be granted. (Dkt. 14). Plaintiff filed a response on March 18, 2020, and Defendant filed a reply on March 25, 2020. (Dkts. 22, 30).[1]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." *Wright v. Thompson*, No. 4:12-CV-10-RLY-WGH, 2012 WL 2401532, at *1 (S.D. Ind. June 25, 2012); Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Wright*, 2012 WL 2401532, at *1; *U.S. v. Clark Cty., Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chi.*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)).

To survive a motion to dismiss, "a plaintiff's complaint must contain [factual] allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Jakupovic v. Curran*, 850 F.3d 898, 901 (7th Cir. 2017); *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in favor of

---

[1] The Plaintiff filed a surreply on March 26, 2020. S.D. Ind. Local Rules do not contemplate surreplies for Motions to Dismiss. As such, Plaintiff's surreply (Dkt. 32) was not considered in this decision.

the plaintiff. *Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008); *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

### III. Analysis

Defendant argues that Count II of Plaintiff's Amended Complaint should be dismissed because wrongful demotion is not a recognized cause of action under Indiana common law. (Dkt. 15 at 3). If the Court does not dismiss Count II outright, Defendant requests that the Court decline to exercise supplemental jurisdiction over Count II so that an Indiana state court can interpret Plaintiff's attempt to create a novel theory of Indiana common law. (Id. at 5).

In response, Plaintiff does not dispute that no cause of action exists for wrongful demotion in Indiana. Instead, Plaintiff maintains that she is not asserting a common law wrongful demotion claim, but rather a claim for breach of unilateral contract based on an employee Code of Conduct she received in the course of her employment with the Defendant. (Dkt. 22 at 1). Plaintiff notes that she "is an at-will employee who has been given limited contractual rights through a unilateral contract consisting of the Code of Conduct." (Id. at 4, n. 1).

In its reply, Penguin notes that Plaintiff has argued for the first time that her claim is for breach of contract. (Dkt. 30 at 1-2) Defendant further argues that the Court should not permit Plaintiff "to escape dismissal by both relying on and disclaiming at-will principles to reformulate a new theory outside the language and labels of her Amended Complaint." (Id. at 3).

3

Before the Court can consider whether Plaintiff's Count II has merit and can proceed, it must first be determined what claim Plaintiff actually makes in Count II of her Amended Complaint. Count II is titled "Wrongful Demotion" and claims to be brought under "the Common Law of the State of Indiana." (Dkt. 5 at 1, 5). Count II notes that the employee Code of Conduct contained a clear promise that "intimidation or retaliation against employees who in good faith provide reports of suspected or actual misconduct must not be tolerated." (Id. at 5). This promise, Plaintiff argues, would reasonably lead an employee to believe that an offer had been made and, in fact, led Plaintiff to rely upon this promise in return for agreeing to work for Penguin. (Id.). The Court first acknowledges that Plaintiff chose to title Count II as "Wrongful Demotion" and describe it as an Indiana common law claim. Further, Plaintiff uses language exclusive to promissory estoppel cases in explaining her cause of action. In her response brief, the Plaintiff now argues that she is pursuing a breach of contract claim in Count II, and not a promissory estoppel or wrongful demotion claim. Nowhere in the five sentences of Count II of the Amended Complaint does Plaintiff mention that she considers the Code of Conduct a contract, or that she experienced a breach of this alleged unilateral contract.

In responding to a Rule 12(b)(6) motion, a party may elaborate on her factual allegations and submit additional facts to support that claim, as long as the new elaborations are consistent with the pleadings. *Geinosky v. City of Chicago*, 675 F.3d

743, n. 1 (7th Cir. 2012). In this case, however, Plaintiff appears to be using facts that support a claim inconsistent with the pleadings.

Based on the language in the Complaint, along with the Plaintiff's assertion in the proposed Case Management Plan that Count II represents a state law wrongful demotion claim, Plaintiff's response urging the Court to construe her claim as one for breach of a unilateral contract rings hollow. Plaintiff clearly uses promissory estoppel language to support her alleged breach of contract claim. Further compounding the confusion, in her brief the Plaintiff only cites cases and doctrines that address a party's termination; in this case, however, Plaintiff was never terminated and still remains employed with Penguin. The Court has yet to locate a state or federal case that extends the protections that Plaintiff alleges to a wrongful demotion claim.

Due to the multiple conflicting representations, the Court is somewhat perplexed by the Plaintiff's argument here. The Court could reasonably interpret Plaintiff's Count II as a state law wrongful demotion claim, as one for promissory estoppel, or as one for breach of contract. In her response brief, Plaintiff refutes Defendant's assertion that she is pursuing a claim of promissory estoppel as an exception to employment at-will, and instead maintains that she is pursuing a contract claim based on the Defendant's Code of Conduct. (Dkt. 22 at 2). As support for this claim, Plaintiff exclusively cites cases that confront the question of whether an employee handbook can create a promissory estoppel exception to the employment at-will doctrine. (Dkt. 22 at 3-4).

5

If Plaintiff's Count II follows the reasoning of every case she cites in support of her argument, she would be pursuing a claim that the Code of Conduct operates as one of the exceptions to the employment at-will doctrine. Plaintiff's concession that she was and still remains an at-will employee forestalls that line of argument – if Plaintiff was an at-will employee, she cannot also be an exception to the at-will employment doctrine. (Dkt. 22 at 4, n. 1).

Under her primary theory, Plaintiff asserts that the Code of Conduct constitutes a valid unilateral employment contract that was violated when she was demoted. Plaintiff uses the language of an Illinois Supreme Court case in her Amended Complaint to support this claim, arguing that the Defendant violated a clear promise that was laid out in the Code of Conduct. (Dkt. 5). The *Duldulao* rule states:

> [A]n employee handbook may constitute a unilateral contract and bind the employer if the following three criteria are met: (1) the language of the employee handbook must contain a promise clear enough that an employee would reasonably believe that an offer had been made; (2) the employee handbook must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by commencing or continuing work after learning of the terms of the employee handbook.

*Harris v. Brewer*, 49 N.E.3d 632, 640 (Ind. Ct. App. 2015) (citing *Duldulao v. Saint Mary of Nazareth Hosp. Center*, 115 Ill.2d 482, 505 N.E.2d 314, 318 (1987)). Multiple Indiana courts have addressed *Duldulao*, but no Indiana court or related federal court has adopted the *Duldulao* factors or otherwise held that an employee handbook or code of conduct can constitute a unilateral employment contract. *See Cmty. Found. of Nw. Indiana, Inc. v. Miranda*, 120 N.E.3d 1090, 1100 (Ind. Ct. App.

6

2019). Moreover, *Duldulao* has only been weighed by Indiana courts to determine whether to find a new exception to the at-will doctrine for employee handbooks. *Hayes v. Trustees of Indiana Univ.*, 902 N.E.2d 303, 312 (Ind. Ct. App. 2009).

Again, the Court finds it prudent to note that Plaintiff continues to overlook the point that she was never terminated, and continues to be employed by Penguin. Every case cited by Plaintiff, and found by this Court, addresses whether a separate employment document, such as a handbook or code of conduct, can constitute a valid unilateral contract that creates a promise related to the employer's obligations when terminating the employee. In other words, the cases evaluate whether an exception to the at-will doctrine exists.

Nevertheless, this Court will attempt to evaluate Plaintiff's full allegations. In this particular case, Plaintiff points to one sentence in the Code of Conduct that creates an alleged promise: namely that intimidation or retaliation for reporting wrongdoing must not be tolerated within Penguin. (Dkt. 5). There is no mechanism within this Code of Conduct for enforcing that alleged promise and there are no provisions related to discipline, demotion, or termination. This Code of Conduct appears to be a set of personnel policies, insofar as the vast majority of the document purports to tell the employee how she should behave with coworkers and customers to ensure the reputation and integrity of Penguin Random House. These are general behavioral guidelines for employees, akin to a personnel policy, rather than an employee handbook that outlines processes and procedures for discipline and termination. Furthermore, the Code of Conduct's back cover states that the

7

most current version of the Code of Conduct can be found on the Penguin website, indicating that the terms are constantly subject to revision by Penguin. (Dkt. 5-1 at 48); *Miranda*, 120 N.E.3d at 1100.

The mere fact that the handbook sets out certain employee policies does not convert the handbook into an employment contract. *See Wynkoop v. Town of Cedar Lake*, 970 N.E.2d 230, 236 (Ind. Ct. App. 2012) ("Following *Orr*, this Court has declined to construe personnel policies as converting an individual's employment from an at-will relationship" to a contract.), *trans. denied; see also Harris v. Brewer*, 49 N.E.3d 632, 642 (Ind. Ct. App. 2015) (finding that the handbook "would not constitute a valid unilateral contract as it does not contain a clear promise of secure employment"), *trans denied*.

In light of the Indiana courts' clear precedent, this Court similarly declines Plaintiff's invitation to adopt *Duldulao* in this case; even if this Court were to adopt the factors, Plaintiff could not meet them here. There is no clear promise of secure employment, let alone for employment secure from potential demotion. There is only a sentence indicating that intimidation and retaliation must not be tolerated. The other handbooks considered by the Indiana courts involved provisions that outlined performance reviews, grievance procedures, and disciplinary processes, with a plaintiff alleging that the employer terminated her without following those procedures. *See Harris*, 49 N.E.3d at 641-42 (collecting cases). Here, however, there is only a vague pledge that retaliation must not be tolerated. That is not enough to constitute a clear promise on which an employee could reasonably rely. As a result,

8

this Court cannot find that the Code of Conduct constitutes a valid unilateral contract.

Wrongful demotion is not a recognized cause of action; Plaintiff was and remains an at-will employee and, therefore, cannot bring a claim for breach of contract and is not subject to any exceptions to the at-will employment doctrine; and the Code of Conduct does not constitute a valid unilateral contract. As such, irrespective of under which theory the Court construes Plaintiff's Count II, the claim fails.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Count II of the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. As such, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint, Dkt. [14], is **GRANTED**, and Count II is dismissed.

So ORDERED.

Date: 11/23/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email