UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTIE ANN ALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00117-RLY-DLP |
| ) | |
| PENGUIN RANDOM HOUSE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Certify Issue of State Law to Indiana Supreme Court, Dkt. [23]. The parties consented to the Magistrate Judge's authority to resolve this motion, and on March 26, 2020 the Plaintiff's Motion to Certify was referred to the Undersigned. (Dkts. 31, 33). The motion is now fully briefed and ripe for decision. For the reasons that follow, Plaintiff's Motion to Certify is **DENIED**.

**I.  Background**

On January 23, 2020, Plaintiff filed an Amended Complaint, alleging that she had worked for Defendant Penguin Random House ("Penguin") since August 2014. (Dkt. 5 at 2). Plaintiff asserts that she was demoted after she assisted a coworker in reporting allegations of sexual harassment. (Dkt. 5). Plaintiff further claims that the Defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, and that she was wrongfully demoted under Indiana law. (Id.). On March 2, 2020, Defendant filed a Motion to Dismiss Count II of Plaintiff's Amended

Complaint, arguing that Plaintiff's Count II for wrongful demotion failed to state a claim upon which relief can be granted. (Dkt. 14). Plaintiff filed a response on March 18, 2020, along with the present Motion to Certify Issue to Indiana Supreme Court. (Dkts. 22, 23). Defendant filed a response to this motion on April 1, 2020 (Dkt. 34), and Plaintiff filed a reply on April 6, 2020. (Dkt. 35).

## II. Legal Standard

Rule 64 of the Indiana Rules of Appellate Procedure permits a federal district court to certify a question of Indiana law to the Indiana Supreme Court "when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." *St. Paul Fire & Marine Ins. Co. v. City of Kokomo*, No. 1:13-cv-01573-JMS-DML, 2015 WL 7573227, at *9 (S.D. Ind. Nov. 25, 2015). Certification is appropriate "when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001). Fact specific issues are not candidates for certification. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 638-39 (7th Cir. 2002).

[I]n the absence of prevailing authority from the state's highest court, federal courts ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are

persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court. *Allstate*, 285 F.3d at 637.

### III. Analysis

In response to the Defendant's Motion to Dismiss Count II of the Amended Complaint (Dkt. 14), Plaintiff filed the present motion, which requests certification of two questions to the Indiana Supreme Court:

1. Can an employee handbook or other personnel policies create a unilateral contract that alters the terms of an otherwise at-will employment relationship?

2. If the answer to the first question is yes, must an employee rely on the provisions or is their existence alone sufficient to create a unilateral contract?

(Dkt. 24 at 2). Plaintiff primarily argues that Indiana law is uncertain regarding whether an employee handbook can alter an at-will employment relationship, but also asserts that the issue is likely to re-occur, would be case determinative to Plaintiff, and that this issue is not fact specific. (Dkt. 24 at 3-5).

Defendant argues that these questions are not appropriate for certification because they are not relevant to Plaintiff's claim; not necessary to resolution of the claim, already have an answer, and can be ably handed by this Court. (Dkt. 34). Additionally, Defendant maintains that factual disputes predominate the legal question. (Id.).

3

Now that the Court has already determined that Plaintiff failed to state a claim and dismissed Count II of the Amended Complaint, Plaintiff's proposed questions are neither relevant nor appropriate for certification.

### IV. Conclusion

For the foregoing reasons, the Court concludes that neither of Plaintiff's proposed questions are suitable for certification. As such, Plaintiff's Motion to Certify Issue of State Law to Indiana Supreme Court, Dkt. [23], is **DENIED.**

So ORDERED.

Date: 11/23/2020

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email